# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLEOPHIS HALL,

    Plaintiff,

v.                                            Case No: 14-11133

COUNTY OF GENESEE, et al.,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Pending before the court is Plaintiff Cleophis Hall's *pro se* civil rights complaint for monetary and injunctive relief, filed under 42 U.S.C. § 1983. Plaintiff is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan pursuant to convictions for first-degree murder, felon in possession of a firearm, and felony firearm.

Plaintiff names eight defendants: County of Genesee, circuit court judge Geoffrey L. Neithercut, Genesee County prosecutors David S. Leyton and Barnie Wise, defense attorneys David Clark and Donald Shaw, a John Doe 911 supervisor, and City of Flint police officer Alvin Bradford. He seeks compensatory and punitive damages. He also seeks release from incarceration. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## I. STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that:  (1) he was

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. DISCUSSION

Plaintiff's allegations arise chiefly from the criminal investigation and trial court proceedings leading to his convictions in Genesee County Circuit Court for the first-degree murder of his live-in girlfriend on June 21, 2012. Plaintiff also argues that a City of Flint appraisal that undervalued his home violated his rights under the Fourth Amendment. None of these claims provide a basis for relief under § 1983.

First, Plaintiff argues that defendants violated his First Amendment right to petition for redress of grievances when police, firefighters, and emergency medical service failed to respond to a 911 call he placed on the morning of the murder. The First Amendment provides, in relevant part: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The right of access to the courts is an established aspect of this right. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). Plaintiff does not explain how the failure of emergency personnel to respond to his 911 call violated his rights under the First Amendment. To the extent that he claims that law enforcement and emergency personnel retaliated against him for calling 911, this claim is meritless. To state a First Amendment retaliation claim under § 1983, a plaintiff must show that: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against

the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Assuming that calling 911 is constitutionally protected conduct, Plaintiff fails to identify any adverse action resulting from his 911 call. He does not allege that police and emergency personnel failed to respond to his 911 call *because* he called 911. Likewise, it would be absurd to argue a causal connection between Plaintiff's 911 call and the alleged failure of police to respond. That is, Plaintiff does not allege that his 911 call caused police and emergency personnel to fail to respond. The court fails to see any basis upon which Plaintiff may maintain a First Amendment claim.

Second, Plaintiff alleges a Fourth Amendment violation. The precise nature of this claim is difficult to discern, but it appears to be based upon a dispute about the value placed upon Plaintiff's home by a City of Flint home appraiser. The Fourth Amendment provides that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and [that] no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Fourth Amendment's protections are not triggered until a search occurs. *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013) (citing *Kyllo v. United States*, 533 U.S. 27, 31 (2001)). Plaintiff fails to allege any search occurred. Therefore, the Fourth Amendment is not implicated.

Plaintiff's remaining claims challenge his present incarceration. He argues that he received ineffective assistance of counsel in his criminal proceedings, he was denied

4

a fair trial and due process of law, and that his continued incarceration pursuant to an unlawful conviction constitutes cruel and unusual punishment. These claims necessarily challenge the validity of Plaintiff's criminal convictions. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. *See also Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (explaining that *Heck*'s holding applies equally to an action that would invalidate a federal conviction that has not been declared invalid or otherwise impugned). Because Plaintiff has not achieved a favorable termination of his criminal case, *Heck* bars these claims.

### III. CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. IT IS ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Plaintiff's *Heck*-related claims are dismissed without prejudice. *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 24, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522