UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEOPHIS HALL,

          Plaintiff,

v.                                              Case Number: 14-11133

COUNTY OF GENESEE, ET AL.,

          Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT,
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT,
AND MOTIONS FOR APPOINTMENT OF COUNSEL**

      Michigan state prisoner Cleophis Hall filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court summarily dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), because Plaintiff failed to state a claim upon which relief may be granted. This matter is now before the court on Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (Dkt. # 16), Motion for Leave to File Amended Complaint (Dkt. # 17), and two Motions for Appointment of Counsel (Dkt. ## 14, 18).

      Motions to alter or amend a judgment, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A court may grant a Rule 59(e) motion to alter or amend a judgment if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v Henderson,* 428 F.3d 605, 620 (6th Cir. 2005). Rule 59(e) motions are

not properly used to relitigate arguments already presented or advance new arguments that could have been argued previously, but were not. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff's Rule 59(e) motion advances the same arguments already considered and denied by this court. Hall has not demonstrated that the court made any clear error of law, pointed to any intervening change in law that would require reconsideration of the court's judgment, or demonstrated that any manifest injustice will occur if the judgment is allowed to stand. The court therefore will deny the motion.

Hall also has filed a Motion for Leave to File an Amended Complaint. "[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)." *Moniz v. Hines,* 92 F. App'x 208, 212 (6th Cir. 2004). Section 1915 "also proscribes a district court from permitting a plaintiff to amend his complaint *after* that court has dismissed the complaint under § 1915(e)(2)." *Id.* (emphasis in original). The ban on amending a complaint after dismissal under § 1915(e)(2) applies without regard to whether the amendment would cure the deficiencies in the original complaint. *Id.* at 212 n.5. Therefore, the court denies Plaintiff's Motion for Leave to File Amended Complaint.

Finally, Plaintiff has filed two motions for appointment of counsel. Because Plaintiff's complaint is no longer pending in the court, the court denies these motions.

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motions for Appointment of Counsel (Dkt. ## 14, 18) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Alter or Amend Judgment (Dkt. #16) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 17) is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  March 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 16, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522